**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-4531**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

TRAVIS LEE MORGAN,

Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, Chief District Judge. (1:22-cr-00338-CCE-1)

Argued: March 25, 2026                                   Decided: May 29, 2026

Before DIAZ, Chief Judge, and WYNN and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished opinion. Judge Quattlebaum wrote the opinion, in which Chief Judge Diaz and Judge Wynn joined.

**ARGUED:** Kathleen Ann Gleason, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Julie Carol Niemeier, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee. **ON BRIEF:** Eric D. Placke, Interim Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Dan Bishop, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

USCA4 Appeal: 25-4531    Doc: 27    Filed: 05/29/2026    Pg: 2 of 9

QUATTLEBAUM, Circuit Judge:

This appeal considers the reasonableness of a district court's sentence that applied the large capacity magazine enhancement under § 2K2.1(a)(3) of the United States Sentencing Guidelines to a defendant who neither owned the gun nor knew of its magazine capacity. Because we find no abuse of discretion, we affirm the district court's judgment.

## I.

Travis Morgan was charged under a single-count indictment of possessing a firearm while a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[1] The charge stemmed from a violent domestic dispute between Morgan and his ex-girlfriend at her house.[2] During the dispute, his ex-girlfriend tried to leave and drive away. At that point, Morgan grabbed a gun, pointed it at her while she was in the car and fired five shots. The presentence report and the sentencing hearing transcript reveal two other relevant facts, which neither party disputes. One—the gun belonged to Morgan's ex-girlfriend. And

---

[1] The factual basis, a document submitted by the government in connection with Morgan's guilty plea, indicates Morgan was previously convicted in Guilford County Superior Court in September 2018 of burning personal property and was sentenced to an active term of imprisonment of more than one year. It also indicates an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives examined the gun involved in this case and determined "that the firearm was manufactured outside of the State of North Carolina. Therefore, it passed in and affected interstate commerce prior to Morgan's possession of the same." J.A. 12.

[2] Unless otherwise noted, the facts are as set forth in the factual basis. With the exception of two points—one, its statement that he pushed his ex-girlfriend to the floor and stood over her threateningly, and two, its description of the number of casings found at the scene—Morgan agreed to the factual basis.

3

two—unbeknownst to Morgan, the gun possessed a large capacity magazine, capable of holding 16 rounds.[3]

Morgan pled guilty without a written plea agreement. At sentencing, Morgan's base offense level was calculated as 22 because the offense involved a firearm capable of accepting a large capacity magazine after being convicted of a crime of violence.[4] With an increase of four levels for possession of a firearm in connection with another felony offense—shooting into an occupied vehicle—and a three-level downward adjustment for acceptance of responsibility, his total offense level was 23. Factoring in Morgan's criminal history category of VI brought his Guidelines range to 92–115 months. The parties agreed the Guidelines calculation was correct.

At the sentencing hearing, Morgan argued that a sentence below the Guidelines range was appropriate because his possession of the gun in this case was "entirely opportunistic" and driven by his "sudden emotional argument" with his ex-girlfriend. J.A. 60. His lawyer noted Morgan's Guidelines range was enhanced because the gun had a large

---

[3] While Morgan raises no argument on whether the magazine was or was not large capacity, we recently found that the phrase "large capacity" was ambiguous and therefore deferred to the definition provided in the commentary to the Guidelines, which says a large capacity magazine is one that can "accept more than 15 rounds," as reasonable. *See United States v. Holman*, 171 F.4th. 303, 315 (4th Cir. 2026) (quoting U.S. Sent'g Guidelines Manual § 2K2.1 cmt. n.2 (U.S. Sent'g Comm'n 2023)). And while we have not considered the meaning of the phrase "capable of accepting" after *Kisor v. Wilkie*, 588 U.S. 558 (2019), Morgan raises no argument that the firearm at issue did not, in fact, *have* a large capacity magazine under Section 2K2.1(a)(3) of the Guidelines.

[4] The presentence report initially calculated Morgan's base offense level by applying a cross-reference for assault with intent to commit murder or attempted murder. Morgan objected to the application of the cross-reference, which the district court sustained because of a lack of intent.

4

capacity magazine but argued that the enhancement normally reflected the danger of a convicted felon not only arming himself but also taking "the extra step of increasing the destructive capacity of the weapon with a high capacity magazine." J.A. 60. So, to summarize Morgan's argument, while application of the enhancement was procedurally correct, Morgan should receive a lesser sentence because he didn't know the gun had a large capacity magazine, let alone add the large capacity magazine himself. The government disagreed, emphasizing Morgan's conduct in escalating the altercation, and advocated for a sentence at the upper end of the Guidelines range.

The district court began its discussion by noting the aggravated nature of Morgan's offense. And while it acknowledged Morgan's crime-of-opportunity argument, it countered that Morgan was the one who picked up the gun, took it outside and shot at his ex-girlfriend's car. The district court then discussed Morgan's criminal history, noting that, while it was not particularly violent, it was still lengthy. After acknowledging and considering mitigating factors, the district court declined to vary downward, instead imposing a within-Guidelines 110-month sentence with three years of supervised release. Morgan timely appealed.[5]

## II.

Morgan argues the district court erred because it failed to account for the facts surrounding his possession of the gun with a large capacity magazine. We "review all sentences—whether inside, just outside, or significantly outside the Guidelines range—

---

[5] We have appellate jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. The district court had jurisdiction under 18 U.S.C. § 3231.

under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). And under that standard, "we review the district court's legal conclusions de novo and factual findings for clear error." *United States v. Provance*, 944 F.3d 213, 217 (4th Cir. 2019) (quoting *United States v. Bolton*, 858 F.3d 905, 911 (4th Cir. 2017)). Our review is for reasonableness, which includes both procedural and substantive reasonableness. *See Gall*, 522 U.S. at 51.

Procedural reasonableness looks at "whether the district court properly calculated the defendant's advisory guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence." *United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019).

Specifically on whether the large capacity magazine enhancement applied, § 2K2.1(a)(3) of the Guidelines provides that a base level offense of 22 applies "if (A) the offense involved a (i) semiautomatic firearm that is capable of accepting a large capacity magazine; . . . and (B) the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense[.]" U.S. Sent'g Guidelines Manual § 2K2.1(a)(3) (U.S. Sent'g Comm'n 2024). There is no intent requirement to apply the large capacity magazine enhancement. *See United States v. Seuell*, 135 F.4th 480, 483 (6th Cir. 2025) (rejecting the defendant's argument the § 2K2.1(a)(3) enhancement should not apply because he did not know the pistol was capable of carrying a large capacity magazine). Thus, the enhancement applies whenever a qualifying firearm is involved, regardless of the defendant's knowledge of the gun's capacity. *See id.* Here, there's no question Morgan has a qualifying felony conviction

6

and that the firearm he possessed had a large capacity magazine. Morgan himself agrees that the enhancement applies. *See* Op. Br. at 9. So, we find that the district court did not err in applying the enhancement.

As part of its consideration of the § 3553(a) factors, the district court heard from Morgan himself about the incident, including his remorse for what he did. And the district court acknowledged Morgan's argument on why he should receive a below-Guidelines sentence—that his grabbing of the gun was "entirely opportunistic" or "spur-of-the-moment." J.A. 60, 72. But the district court declined to find Morgan's impulsive decision cut against the seriousness of the offense, explaining:

> I appreciate [Morgan's counsel's] arguments and the defendant's statements about, you know, his intent, but there is what you say, there is what you intend, and then there is what you do, and at some point, what you do is what matters the most.
>
> . . . .
>
> The nature and circumstances are aggravated. He chooses to get a gun. It may well have been a crime of opportunity, . . . but, you know, he had to get the gun. He had to pick the gun up. He had to take the gun outside, and he had to shoot, and that's intentional, and it is so dangerous.

J.A. 74. In essence, Morgan's choice here—to grab a gun—was what the district court found to be the most relevant aspect of his conduct.

The district court also considered Morgan's criminal history, including that he did not have a history of firearm offenses and that most of his prior crimes were only misdemeanors. However, the district court noted that his record was lengthy, that Morgan had served time and that Morgan's earlier probation had been revoked. The district court also acknowledged Morgan's childhood difficulties, family support and cooperation in

7

recovery of the firearm. While the district court determined that the balance of all those considerations didn't support a variance, it did give those considerations weight in declining to impose the statutory maximum.

Finally, the district court considered the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide punishment, deter future criminal conduct, protect the public and provide training and treatment to the defendant. Much of what the district court heard and explained on the nature and circumstances of the offense points to these same considerations. *See e.g.*, J.A. 74–75 ("[The bullet] hit her tire and she could have been really, really hurt as a result of this and, you know, he's out there in the front yard shooting. There didn't appear to be anybody else around, but depending on your aim, a car driving by could be hit. It is just so, so dangerous."); J.A. 74 ("What I see in this case is ongoing criminal conduct."); J.A. 75 ("So the nature and circumstances and the need to protect the public can suggest to me, that a sentence within the guidelines is more appropriate."). At bottom, the district court heard and considered Morgan's arguments in favor of a lesser sentence, weighed the § 3553(a) factors and provided sufficient explanation of the sentence imposed. As a result, we see no abuse of discretion and agree with the parties that Morgan's sentence is procedurally reasonable.

Turning next to substantive reasonableness, we then "'tak[e] into account the totality of the circumstances, including the extent of any variance from the Guidelines range' and 'giv[e] due deference to the district court's decision that the 18 U.S.C. § 3553(a) factors, on a whole, justify the extent of the variance.'" *United States v. Huskey*, 90 F.4th 651, 677 (4th Cir. 2024) (quoting *Gall*, 552 U.S. at 51). Sentences within or below the

8

correctly calculated Guidelines range are presumed to be substantively reasonable. *See United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id*.

With that framework in mind, Morgan's argument is that his within-Guidelines sentence is substantively unreasonable because Morgan's conduct was less culpable given he didn't own the firearm at issue here or intentionally select it based on its large capacity magazine. To prevail, therefore, Morgan must rebut the presumption of reasonableness. He has not done so. As set forth above, the district court thoroughly considered the § 3553(a) factors. And it specifically considered Morgan's points that he was not the owner of the gun and didn't intentionally choose to arm himself with a gun with a large capacity magazine as opposed to one with a regular capacity magazine. Weighing all the factors, the district court simply found that the dangerousness of Morgan's conduct was more compelling than the fact that Morgan didn't own the gun or know the gun had a large capacity magazine. That is precisely the type of decision we afford district courts discretion to make. Having failed to rebut the presumption of reasonableness of his within-Guidelines sentence, we discern no abuse of discretion.

## III.

Because we discern no procedural error below and Morgan has not rebutted the presumption of reasonableness that attends his within-Guidelines sentence, the district court's judgment is,

*AFFIRMED*.

9